STATE *vs*. PASQUALE ACETO.

1.  CRIMINAL LAW—DISCHARGE FOR DELAY—CONTINUANCES.
    *Rev. Code* 1915, § 4847, has no applicability, so as to entitle defendant to a directed verdict, because of the case having been twice continued over the term, without regard to who obtained the continuances; the court not having lost jurisdiction.
2.  EMBEZZLEMENT—RELATION OF AGENT OR SERVANT.
    To constitute the relation of agent or servant within the embezzlement statute (*Rev. Code* 1915, § 4751), it is unnecessary that there be more than one act authorized or one transaction undertaken for the principal or employer.
3.  CRIMINAL LAW—"REASONABLE DOUBT".
    By "reasonable doubt" is not meant a mere vague, fanciful, whimsical, or speculative doubt, but a real, substantial doubt growing out of the evidence or lack of evidence in the case.

(*November* 9, 1915.)

Judges BOYCE and RICE sitting.

*Armon D. Chaytor, Jr.*, Deputy Attorney General, for the state.

*James Saulsbury* for the defendant.

Court of General Sessions, New Castle County, November Term, 1915.

INDICTMENT No. 40, November Term, 1914.

Pasquale Aceto was indicted for the embezzlement of the

proceeds of a check for three hundred and eight-five dollars, drawn to the order of Maria Santa Conde, the prosecuting•witness, by William H. Heald, Esq., her attorney, which check she delivered to the accused, upon his suggestion, to have the same cashed for her and return to her the proceeds thereof. The accused claimed that he returned part of the proceeds of the check and borrowed the balance.

[1] At the conclusion of the state's testimony, counsel for the accused moved the court to instruct the jury to render a verdict of not guilty, because according to the record the indictment was found at the November term, 1914, at which the defendant entered a plea of not guilty; that subsequently at the same term the case was continued to the January term, 1915, next following; that at that term it was again continued to the March term next following; that at that term it was retired by the Attorney General; that at the October term, next following, it was, on motion of the Attorney General, ordered restored to the docket for trial, and was then continued with capias returnable to the present November term. It was contended that each and every continuance had been made upon the application of the state and not of the defendant.

The record did not show on whose application the several continuances had been made.

Counsel for the accused relied upon *State v. McDaniel*, 4 *Penn.* 107, 54 *Atl.* 1056, and on *Section* 4847, *Revised Code* of 1915.

The Deputy Attorney General replied that the fact that the record is silent as to who made the applications to continue did not show anything, besides being immaterial, and opposed the motion.

BOYCE, J.:—We do not think that *Section* 4847, *Revised Code* of 1915, applies. The court has not lost jurisdiction of the case. The application to instruct the jury as requested is denied.

BOYCE, J., charging the jury:

Gentlemen of the jury:—This indictment is found under *Section* 4751, *Revised Code* of 1915, which reads:

"Every cashier, servant, agent, or clerk to any person, or to any body corporate, or being employed for the purpose, or in the capacity of a cashier, servant, agent, or clerk, by any person or body corporate, who shall embezzle, fraudulently abstract, or misapply any money, goods, bill, note, bond, cheque, evidence of debt, or other valuable security, or effects, which, or any part whereof, shall be delivered to, or received, or taken into possession by him, or to which he has access for, or in the name, or on account of his master, or employer, although such money, goods, bill, note, bond, cheque, evidence of debt, or other valuable security or effects, was not received into the possession of his cashier, servant, agent, clerk, or other person, so employed, shall be deemed," etc.

The indictment contains four counts. The first charges the accused with having received certain moneys of the prosecuting witness of the value of three hundred and eighty-five dollars as her agent and while so employed as agent he embezzled the same; the third charges him with having received the money as her agent, and while so employed as agent he misapplied the same; the second charges him with having received the money as servant of the prosecuting witness and while so employed as her servant he embezzled the same; and the fourth charges him with having received the money as her servant and while so employed as servant he misapplied the same.

We cannot charge you upon the facts adduced before you. They are for your exclusive consideration. You are the sole judges of the credibility of the witnesses and of the weight and value of their testimony. You must apply the testimony as you find it to the law as we shall announce it to you.

The offense charged is purely statutory and is distinguished from the crime of larceny. It consists in the unlawful, fraudulent conversion or misapplication by one person of another's property, in his lawful possession, to his own use and benefit, thereby depriving the true owner thereof without the latter's consent. So if the property of a person is entrusted to the care or custody of another, and the person to whom the same is entrusted fraudulently appropriates it instead of applying it to the purpose for which he accepted it, the misapplication constitutes the offense of embezzlement. If the prosecuting witness engaged the accused as her agent or servant to obtain cash on the check, in evidence before you, and then to return the proceeds thereof to her, and he failed to discharge the trust reposed in him by converting the

same to his own use, without her consent, he would be guilty of embezzlement; and no subsequent arrangement between the parties would in anywise affect the right of the state to prosecute for the offense. So that if the accused accepted the check for the purpose of having it cashed and return the proceeds thereof to the prosecuting witness, but instead of doing so he applied it to his own use or any part thereof, without her consent, the offense charged in this indictment has been established.

[2] In order to constitute the relation of agent or servant within the meaning of the statute, it is not necessary that there should be more than one act authorized, or more than the undertaking of a single transaction for, or in the name, or on the account of the principal, or employer.

Every person accused of crime comes to his trial with the presumption of innocence in his favor which means that the state must establish every essential element of the crime charged to the satisfaction of the jury beyond a reasonable doubt. Whenever this is done, in view of all the evidence in the case, the presumption is overcome.

[3] By reasonable doubt is not meant a mere vague, fanciful, whimsical or speculative doubt, but a real, substantial doubt growing out of the evidence, or lack of evidence, in the case.

Where there is conflict in the testimony, as in this case, it is the duty of the jury to reconcile it if they can. If they cannot, then they should accept that portion of the testimony which seems to them to be worthy of credit and reject that which they deem to be unworthy of credit. So that if under all the evidence presented to you, you find that the prosecuting witness did deliver to the accused the check for the purpose as claimed by her—that is for the purpose of having the check cashed, and the proceeds to be paid to her—and the accused failed to do so, but converted the proceeds, or any part thereof, to his own use against her consent, then your verdict should be guilty. If on the other hand, you should find from the evidence that the check was delivered to the accused as and for a loan to him, or if you should entertain a reasonable doubt as to his guilt of the crime charged, then your verdict should be not guilty.

Verdict, not guilty.